IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BETTY ARWOOD and THOMAS ARWOOD,

    Plaintiffs,

v.                                                   CASE NO. 1:14-cv-00043-MP-CAS

CYPRESS HEALTH SYSTEMS, FLORIDA INC.,
TRI-COUNTY HOSPITAL, WILLISTON, LLC,
RICHARD MARTIN, and JOHN COLEMAN

    Defendants.

_____/

**O R D E R**

This matter came before the Court on a telephone hearing on May 7, 2014, at which counsel for all parties participated. Previously, Plaintiffs filed a motion to amend their Complaint so as to remove Count IV, which alleges a violation of the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. (Doc. 13). Plaintiffs aver that such a claim is time barred. *Id.* This is Plaintiffs' sole claim under federal law. The proposed amended complaint would allege only state law claims of medical malpractice, loss of consortium, and a violation of the Florida EMTALA, Florida Statute § 395.1041. Contemporaneously with their motion to amend, Plaintiffs also moved the Court to remand the case to state court. Plaintiffs argue that because the proposed amended complaint would remove all federal claims from this action, the amended complaint would also remove the Court's subject matter jurisdiction.

Subsequently, Defendant Cypress Health Systems, Florida, Inc. d/b/a Tri-County Hospital filed a Notice of Non-Objection to Plaintiffs' motion for leave to amend and motion to

remand.  (Doc. 21).  This is the only Defendant implicated in Count IV of Plaintiffs' Complaint. Likewise, at the telephone hearing, counsel for all other parties who have made an appearance in this case indicated that they have no objection to either of Plaintiffs' motions.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading "with the opposing party's written consent or the court's leave," and the court "should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  Based on Plaintiffs' averments concerning the applicability of the statute of limitations, as well as Defendants' lack of objections, the Court finds that Plaintiffs' motion for leave to amend should be granted. Plaintiffs' proposed amended complaint (doc. 14) stands amended as filed.

Concerning Plaintiffs' motion to remand, this Court may decline to exercise supplemental jurisdiction over the remaining state claims where it has dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).  In this case, the Court's original jurisdiction stemmed from Plaintiffs' inclusion of the federal EMTALA claim.  *See* 28 U.S.C. § 1331 (federal question jurisdiction).  As the Amended Complaint removes this claim, the Court now has the discretion to remand the case to state court.  The Court finds that Plaintiffs' remaining state claims would be better addressed by a state court.  Therefore, this matter should be remanded.  Adjudication of any and all motions pending at this time will be left to the state court.  Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. Plaintiffs' motion for leave to amend (Doc. 13) is GRANTED.  Plaintiffs' Amended Complaint (Doc. 14) stands amended as filed.

2. Plaintiffs' motion to remand (Doc. 12) is GRANTED, and this matter is REMANDED to the Eighth Judicial Circuit in and for Levy County, Florida.

3. The Clerk is directed to send a certified copy of this order to the Clerk of Court

for the Eighth Judicial Circuit in and for Levy County, Florida, close the file, and terminate all pending motions.

**DONE AND ORDERED** this  9th day of May, 2014

        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge